**EXHIBIT A**

Writ of Complaint                                                                 Page 1 of 1

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.
You are hereby notified that on __7/10/2015__
a COMPLAINT has been filed in this case
and you are required to serve the same on or before the
__8/9/2015__
Kate Barkman, Director
Department of Court Records

## COMPLAINT IN CIVIL ACTION

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) <br> Smart, Tiara <br>     administratrix_of Estate of Frank J. Smartt Jr. deceased <br><br><br><br><br>                                    Vs <br> Defendant(s) <br> Corizon Inc. <br> Corizon Health Inc. <br> Harper, Orlando <br> Allegheny County <br>    dba Allegheny County Jail | Case Number : <br> GD - 15 - 011995 <br><br> Type of pleading: <br> **COMPLAINT** <br><br> Filed on behalf of: <br> **Tiara Smart** <br><br> **Katie A. Killion** <br> (Name of the filing party) <br><br> [X] Counsel of Record <br><br> [ ] Individual, If Pro Se <br><br> Name, Address and Telephone Number : <br> Katie A. Killion <br> 603 Stanwix Street <br> Two Gateway Center Suite 1228 <br> Pittsburgh , PA 15222 <br> 412 709-6162 <br><br> Attorney's State ID: 205203 |



Kate Barkman, Director, Department of Court Records

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYVLANIA

| | |
|---|---|
| TIARA SMART, Administratrix of the Estate of FRANK J. SMART, JR., Deceased, | CIVIL DIVISION |
| | Case No. GD 15-11995 |
| Plaintiff, | |
| | Code: |
| v. | |
| CORIZON, INC.; CORIZON HEALTH, INC.; ALLEGHENY COUNTY d/b/a ALLEGHENY COUNTY JAIL; and ORLANDO HARPER, | **COMPLAINT** |
| | Filed on behalf of: Plaintiff |
| Defendants. | Counsel of record for this party: |
| | George M. Kontos, Esquire<br>Pa. I.D. #62712<br>gkontos@kontosmengine.com |
| | Katie A. Killion, Esquire<br>Pa. I.D. # 205203<br>kkillion@kontosmengine.com |
| E-FILED<br>JUL 10 2015 | KONTOS MENGINE LAW GROUP<br>603 Stanwix Street,<br>Two Gateway Center, Suite 1228<br>Pittsburgh, PA 15222 |
| | (412) 709-6162 |
| | **JURY TRIAL DEMANDED** |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYVLANIA

TIARA SMART, Administratrix of the Estate   CIVIL DIVISION
of FRANK J. SMART, JR., Deceased,

                                                      Case No.

            Plaintiff,

      v.

CORIZON, INC.; CORIZON HEALTH, INC.;
ALLEGHENY COUNTY d/b/a
ALLEGHENY COUNTY JAIL; and
ORLANDO HARPER,

           Defendants.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claims in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR PHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THEIR OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THER OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEAL SERVICE TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

                        ALLEGHENY COUNTY LAWYER REFERRAL SERVICE
                                The Allegheny County Bar Association
                                     11th Floor Koppers Building
                                        436 Seventh Avenue
                                          Pittsburgh, PA 15219
                                            (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYVLANIA

TIARA SMART, Administratrix of the Estate of FRANK J. SMART, JR., Deceased,

    Plaintiff,

v.

CORIZON, INC; CORIZON HEALTH, INC.;
ALLEGHENY COUNTY d/b/a
ALLEGHENY COUNTY JAIL; and
ORLANDO HARPER,

    Defendants.

CIVIL DIVISION

Case No.

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, TIARA SMART, Administratrix of the Estate of FRANK J. SMART, JR., deceased, by and through her attorneys, George M. Kontos, Esquire, Katie A. Killion, and KONTOS MENGINE LAW GROUP, and files the following Complaint in Civil Action:

1. Plaintiff, Tiara Smart, is an adult individual who has been appointed Administratrix of the Estate of Frank J. Smart, Jr. (hereinafter sometimes referred to as "Mr. Smart"), deceased, by the Register of Wills of Allegheny County, Pennsylvania. She has an address at 912 Memory Lane, Pittsburgh, PA 15219.

2. Plaintiff's decedent, Frank J. Smart, Jr., was born on August 5, 1975 and died on January 4, 2015.

3. Defendant Corizon Health, Inc. is a Delaware corporation or other business entity with a principal place of business located at 105 Westpark Drive, Suite 200, Brentwood, Tennessee

37027.

4. Defendant Corizon, Inc. is a Missouri corporation or other business entity with a principal place of business located at 105 Westpark Drive, Suite 200, Brentwood, Tennessee 37027.

5. Defendants Corizon, Inc. and Corizon Health, Inc. (hereinafter collectively referred to as "Corizon") are engaged in the business of providing health care and services on a contract basis to Allegheny County and Allegheny County Jail, and at all relevant times hereto did in fact provide such health care services to inmates/detainees at said Jail.

6. Defendant, Allegheny County, is a municipality and exists pursuant to the laws of the Commonwealth of Pennsylvania.

7. At all times relevant, Defendant Corizon was doing business, including contracting for the provision of health services and providing health services to inmates of Allegheny County Jail, as agent of the County of Allegheny in Allegheny County, Pennsylvania, which services were wholly or partially paid for by the County of Allegheny.

8. At all relevant times hereto, and upon information and belief, Plaintiff avers that defendant Orlando Harper was an agent of the County acting in the course and scope of his employment and engaged in the performance of his duties as the Warden for the Allegheny County Jail.

9. Upon information and belief, the County of Allegheny owned, possessed, was in control of, and/or was responsible for the operation of the Allegheny County Jail.

10. The right to bring these actions is conferred upon the Plaintiff by virtue of the operation of the following laws:

   (a) Provisions of the Wrongful Death Act, 42 Pa. C.S.A. §8301, and amendments thereto;

4

potentially fatal to Mr. Smart.

17. During a previous incarceration, a medical/intake screening was performed by the Jail. During his previous incarceration, he had received the necessary anti-seizure medication from the jail's medical service provider. As such, Defendants had actual notice as to Mr. Smart's life-threatening condition, as such information would have existed within the Jail's own records.

18. At the beginning of Mr. Smart's January 4th incarceration, Mr. Smart informed the prison staff that he was in need of medication or else he might suffer a severe grand mal seizure.

19. The prison staff also has actual notice that if Frank Smart, Jr. suffered a seizure while being physically restrained, he would suffer severe and permanent injuries.

20 Despite the fact that Frank Smart relayed information about his seizure and the need for anti-seizure medication to Corizon and Jail staff, his prior medical records (which were in the possession of both Allegheny County and Corizon) were not accessed, nor was he prescribed anti-seizure medication.

21. Sometime during the early hours of January 5, 2015, less than a day after being incarcerated, Frank Smart, Jr. suffered a violent grand mal seizure.

22. During the time that he suffered the seizure, Frank Smart, Jr. was physical restrained in handcuffs and feet shackles.

23. The severity of the seizure and the physical restraint during the seizure caused Frank Smart, Jr. to suffer catastrophic injuries, for which he was transported to UPMC Mercy Hospital.

24. Around 12:20 a.m. on January 5, 2015, Mr. Smart was pronounced dead at UPMC Mercy Hospital.

25. Between his time of incarceration and the fatal seizure on the January 5th, Mr.

6

Smart and others, on his behalf, repeatedly requested that he be given access to his anti-seizure medication, but all of their requests were ignored.

26. Upon information and belief, the policy of the Jail and/or Corizon in actual existence at the time of Mr. Smart's incarceration was such that an inmate's prior medical history or record was not timely accessed or reviewed during the intake/screening process – or in a timely fashion thereafter – even with inmates who had indicated and/or evidenced serious medical conditions, such as Mr. Smart.

27. Despite the fact that the Jail and Corizon had prior knowledge, stemming from the previous incarceration, of the fact that Mr. Smart suffered from a serious medical condition which required medication, absolutely no provision was made by Defendants, or any agent or employee thereof, to provide for Mr. Smart's medical needs, including but not limited to the accessing or reviewing of his prior medical history, accessing or reviewing of Mr. Smart's health records from his previous incarceration, or the ordering of testing to determine whether Mr. Smart was in need of medical care relating to his condition, including prescription/administration of anti-seizure medications.

28. At all relevant times, Corizon had a history of providing substandard and grossly inadequate medical care to inmates whose medical needs it was contracted to meet.

29. This history is detailed in excerpts from the "Examination report on Corizon Health Inc.'s compliance with contract #153946 with Allegheny County for the period September 1, 2013 through February 28, 2014" (hereinafter referred to as "the Audit," see attached hereto as Exhibit "A").

30. The Audit revealed numerous deficiencies in the care being provided by Corizon at the Allegheny County Jail. Such deficiencies include, but are not limited to:

    A. Not maintaining the required staffing levels;

7

B. Not complying with reporting requirements necessary for the Allegheny County Jail to be accredited by the "National Commission on Correctional Health Care";

C. Not maintaining complete and accurate inmate medical records, including not implementing the required electronic medical records;

D. Not conducting intake health assessments for newly-admitted jail inmates;

E. Not providing inmates with required clinical care;

F. Not complying with pharmacy management requirements;

G. Not ensuring the readiness of emergency equipment and supplies;

H. Not performing the necessary pre-placement health assessments and medical and mental health rounds for inmates in segregation;

I. Not utilizing the appropriate triage process to prioritize inmate sick call requests;

J. Not responding to inmate medical grievances in a timely manner; and

K. Engaging in unfair labor practices.

31. This recent history reflects systematic violations of inmates' Constitutional rights committed by Corizon, particularly violations of the Fourth, Eighth, and Fourteenth Amendments as further laid out below.

## COUNT I – 42 U.S.C. § 1983

### Tiara Smart, Administratrix of the Estate of Frank J. Smart
### v.
### Corizon, Inc. and Corizon Health, Inc.

32. Plaintiff incorporates by reference all proceeding paragraphs as though the same were more fully set forth at length herein.

33. Having taken Mr. Smart into custody, the Defendant, acting under color of law, entered into a special relationship with him, which imposed affirmative duties of care and protection of Mr. Smart and obligated Defendant not to cause injury or harm while he was in the custody and control of the Defendant.

8

34. It was the duty of this Defendant, while Mr. Smart was within the care and custody of the County, to provide for his safety and general well-being.

35. Mr. Smart suffered injuries and damages, as more fully stated below, as a result of defective policies, procedures, practices, customs, directives and/or administrative procedures (hereinafter referred to as "policies") of this Defendant, as follows:

    A. A policy of permitting, encouraging or condoning the inadequate supervision of inmates with serious medical problems such as Frank Smart, Jr. as set forth above;

    B. A policy of failing to require a timely and proper medical examination or care be given to an inmate when an inmate states that they have suffered a serious medical event such as a seizure;

    C. A policy of failing to ensure necessary medications are accessible and given to inmates in a timely fashion.

    D. A policy of failing to ensure procedures are in place to acquire medications immediately in an emergency situation.

    E. A policy of failing to adequately train its agents/employees to detect and properly address medical needs of inmates;

    F. A policy of failing to supervise its agents/employees pertaining to the securing of medical care of inmates;

    G. A policy of failing to require that an inmate's prior medical record be accessed at the time of intake, medical screening process, or when it is made known that an inmate may have an unmet medical need, including but not limited to a need for medication;

    H. A policy of failing to require that inmates receive medical care from competent medical professionals;

    I. A policy of failing to provided adequate training to its agents/employees concerning the proper treatment of inmates with medical emergencies;

    J. A policy of failing to provide an unrestrained safe environment for inmates who suffer seizures while in the jail and/or infirmary.

    K. A policy of failing to be adequately staffed with the sufficient number competent medical professionals, including doctors, to adequately meet and treat inmates' medical needs; and

L. Other defective policies concerning the detention of inmates, which may be determined in discovery.

36. The Defendant's conduct stated above evidences reckless and/or deliberate indifference to the safety, health and constitutional rights of Plaintiff's decedent in the following particulars:

A. Its failure to adequately train, supervise and/or monitor agents and/or employees as set forth above;

B. Its failure to correct (through training, discipline, monitoring, policy changes, etc.) its employees' conduct;

C. Its failure to investigate and determine whether its agents/employees were complying with its policies, and/or customs, and/or violating inmates' Constitutional rights;

D. Its failure to correct defective policies and/or training procedures, despite being put on notice to these defective policies and/or training procedures by recent occurrences similar to the one mentioned above; and

E. The intentional act of ignoring the stated communications regarding Plaintiff's decedent's medical needs and its failure to access its own records when the said medical needs were communicated.

37. The above actions of the Defendant were the direct and proximate cause of the injuries sustained to Mr. Smart in that they increased the risk of these injuries occurring, including but not limited to:

A. Major seizure;

B. Bodily injury from being physically restrained in a prone position;

B. Extended pain and suffering; and

C. Death.

38. By reason of the aforesaid, Frank Smart, Jr.'s civil rights were violated, including but not limited to those guaranteed under the Eight and Fourteenth Amendments to the Constitution of the United States in the following particulars:

A. Mr. Smart's substantive right to be free from cruel and unusual

      punishment and to be free from punishment prior to adjudication without due process of law under the Eight and Fourteenth Amendments;

    B.    Mr. Smart's rights to procedural due process under the Fourteenth Amendment;

    C.    Mr. Smart's substantive constitutional rights guaranteed under the Fourteenth Amendment; and

    D.    Mr. Smart's Constitutional rights guaranteed under the Fourth Amendment.

39.    As a result of the above-stated injuries, Mr. Smart suffered the following damages:

    A.    Pain, suffering, mental anguish and inconvenience;

    B.    Loss of wages, loss of earning capacity.

40.    Plaintiff claims on behalf of the Estate any and all damages to which recovery may be made under § 8301 et al., which include but are not limited to the following:

    A.    Decedent's pain, suffering, mental anguish, inconvenience and other such damages that are permitted by law;

    B.    Decedent's total estimated future earning capacity;

    C.    Decedent's loss of income;

    D.    Other financial losses suffered as a result of Decedent's injuries and death;

    E.    Any and all expenses incurred by Decedent's Estate.

WHEREFORE, the Plaintiff demands judgment in her favor against Defendants for an amount in excess of the applicable arbitration limit, exclusive of interests and costs.

## COUNT II – 42 U.S.C. § 1983

### Tiara Smart, Administratrix of the Estate of Frank J. Smart
### v.
### Allegheny County

41. Plaintiff incorporates by reference all preceding paragraphs as though set forth more fully at length herein.

42. By taking Frank J. Smart, Jr. into its custody, the Defendant entered into a special relationship with him, which imposed upon Defendant affirmative duties of care and protection of Mr. Smart and obligated said Defendant not to cause injury or harm to Mr. Smart while he was in the custody and control of the Defendant.

43. Mr. Smart suffered the aforesaid injuries and damages complained of as a result of defective policies, procedures, practices, customs, directives and/or administrative procedures (hereinafter referred to as "policies" or "policy") of the Defendant, Allegheny County, as follows:

> A. A policy of permitting, encouraging or condoning the inadequate supervision of inmates with serious medical problems such as Plaintiff's Decedent as set forth above;
>
> B. A policy of failing to require a timely and proper medical examination when an inmate complains of needing seizure medication;
>
> C. A policy of failing to require a timely and proper medical examination or care be given to an inmate when an inmate states that they have suffered a serious medical event such as a seizure;
>
> D. A policy of failing to adequately train its correctional officers to detect and address medical needs of inmates;
>
> E. A policy of failing to supervise correctional personnel pertaining to the securing of medical care of inmates;
>
> F. A policy of failing to require that an inmate's prior medical record be

12

      accessed at time of intake, medical screening process, or when it is made known that an inmate may have an unmet medical need, including but not limited to a need for medication;

G.   A policy of failing to require an inmate's prior (or current) medical record be accessed when an inmate is receiving medical care in either a clinic or infirmary setting;

H.   A policy of failing to require that inmate's receive medical care from competent medical professionals;

I.   Upon information and belief, a policy permits or encourages certain correctional officers to withhold or refuse appropriate medical intervention in its custody, by failing to properly supervise, reprimand, discipline certain correctional officers who violate the rights of inmates;

J.   A policy failing to provide adequate training to its officers and employees concerning the proper supervision of inmates with medical needs or health problems;

K.   A policy of failing to train its correctional officers to recognize serious medical conditions or problems;

L.   A policy of failing to provide an unrestrained safe environment for inmates who suffer seizures while in the jail and/or infirmary.

M.   Other defective policies concerning the detention of inmates, which may be determined in discovery.

44.   The Defendant's conduct stated above evidences reckless and/or deliberate indifference to the safety, health and constitutional rights of Plaintiff's decedent in the following particulars:

A.   Its failure to adequately train, supervise, monitor and/or discipline its Officers and/or employees as set forth above to avoid violations of inmates' constitutional rights;

B.   Its failure to correct (through training, discipline, monitoring, policy changes, etc.) its employees' conduct;

C.   Its failure to investigate and determine whether its officers and/or employees were complying with its policies and/or customs, and/or violating inmates' Constitutional rights;

13

D. Its failure to correct defective policies and/or training procedures, despite being put on notice to these defective policies and/or training procedures by recent occurrences similar to the one mentioned above and the Audit; and

E. The intentional act of ignoring the stated communications regarding Plaintiff's decedent's medical needs and its failure to access its own records when the said medical needs were communicated

42. The above actions of the Defendant were the direct and proximate cause of Mr. Smart's injuries and death, in that they increased the risk of harm to Mr. Smart, harm which he did in fact sustain and which ultimately led to his death.

45. By reason of the aforesaid, Frank J. Smart's civil rights were violated, including but not limited to those guaranteed under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States in the following particulars:

A. Mr. Smart's substantive right to be free from cruel and unusual punishment and to be free from punishment prior to adjudication without due process of law under the Eighth and Fourteenth Amendments;

B. Mr. Smart's rights to procedural due process under the Fourteenth Amendment;

C. Mr. Smart's substantive constitutional rights guaranteed under the Fourteenth Amendment; and

D. Mr. Smart's constitutional rights guaranteed under the Fourth Amendment.

46. As a result of the Defendant's conduct as aforesaid, Mr. Smart sustained the injuries and damages set forth in Count I above, which are incorporated by references as though more fully set forth herein.

WHEREFORE, the Plaintiff demands judgment in her favor against Defendants for an amount in excess of the applicable arbitration limit, exclusive of interests and costs.

## COUNT III - 42 U.S.C. § 1983

## Tiara Smart, Administratrix of the Estate of Frank J. Smart
## v.
## Warden Orlando Harper

47. Plaintiff hereby incorporates by reference all preceding paragraphs as though set forth more fully at length herein.

48. At all times relevant hereto, Defendant Harper was an agent of the County acting in the course and scope of his employment and engaged in the performance of his duties as the Warden for the Allegheny County Jail.

49. At all times relevant hereto, Defendant Harper was acting under the color of law pursuant to his authority as an officer of the Defendant, Allegheny County.

50. As Warden, Defendant Harper was the commanding officer of all other officers working at the jail, and was responsible for the implementation and promulgation of the policies and customs of the Jail, and was further responsible for the, training, conduct and supervision of the officers and employees of the Jail.

51. As Warden, Defendant Harper was a policy maker for the Allegheny County Jail, and it was therefore his duty, at all times relevant hereto to see that there were in place, laws, ordinances, policies, procedures, practices, customs, directives and/or other administrative procedures which assured that prisoners taken into custody at the Allegheny County Jail were not deprived of their constitutional rights. It was also his duty to see that such laws, ordinances, policies, procedures, customs, directives and/or other administrative procedures were actually followed by all Jail personnel or contractors.

52. At all times relevant hereto, Defendant Harper had actual and/or constructive knowledge of the policies and customs set forth above, and that said policies and/or customs

15

deprived and/or violated the constitutional rights of inmates such as the Plaintiff herein, which in effect constituted a ratification of said conduct by Defendant Harper.

53. It was the duty of Warden Harper, while Mr. Smart was under his supervision and in his custody, to assume responsibility for his safety and general well-being. Notwithstanding the aforesaid duty, the Defendant's wrongful acts consisted of the following:

    A. In failing to adequately train, supervise, monitor or discipline officers where the need for more or different training, supervision, monitoring or discipline was obvious;

    B. In failing to correct (through training, discipline, monitoring, policy changes, etc.) Jail employees' conduct; and

    C. In failing to investigate whether the Jail's officers and/or employees were complying with its policies and/or customs, and whether said policies or customs in place were adequate.

54. The Defendant's conduct constitutes reckless and/or deliberate indifference to the safety, health and constitutional rights of Plaintiff's decedent in the following particulars:

    A. His failure to adequately train, supervise, monitor and/or discipline its officers and/or employees as set forth above to avoid violations of inmates' constitutional rights;

    B. His failure to correct (through training, discipline, monitoring, policy changes, etc.) his employees' conduct;

    C. His failure to investigate and determine whether his officers and/or employees were complying with the policies and/or customs, and/or violating inmates' Constitutional rights; and

    D. The intentional act of ignoring the stated communication regarding Plaintiff's decedent's medical needs and his failure to access the jail's own records when the said medical needs were communicated.

55. The above actions of the Defendant were the direct and proximate cause of Mr. Smart's injuries and death, in that they increased the risk of harm to Mr. Smart, harm which he did in fact sustain and which ultimately led to his death.

56. By reason of the aforesaid, Frank J. Smart's civil rights were violated, including but

16

not limited to those guaranteed under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States in the following particulars:

   A. Mr. Smart's substantive right to be free from cruel and unusual punishment and to be free from punishment prior to adjudication without due process of law under the Eighth and Fourteenth Amendments;

   B. Mr. Smart's rights to procedural due process under the Fourteenth Amendment;

   C. Mr. Smart's substantive constitutional rights guaranteed under the Fourteenth Amendment; and,

   D. Mr. Smart's Constitutional rights guaranteed under the Fourth Amendment.

57. As a result of the Defendant's conduct as aforesaid, Mr. Smart sustained the injuries and damages set forth in Count I above, which are incorporated by references as though more fully set forth herein.

WHEREFORE, the Plaintiff demands judgment in her favor against Defendants for an amount in excess of the applicable arbitration limit, exclusive of interests and costs.

Respectfully submitted,

KONTOS MENGINE LAW GROUP

George M. Kontos, Esquire
Attorney for Plaintiff

## VERIFICATION

THE UNDERSIGNED, TIARA SMART, Administratrix of the Estate of FRANK J. SMART, JR., avers that the statements of fact contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief, and are made subject to the penalties of 18 Pa. Cons. Stat. Ann. §4904 relating to unsworn falsification to authorities.

Date: 05·04·15

Tiara Smart,
Administratrix of the Estate of
Frank J. Smart, Jr.