1869828.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIARA SMART, Administratrix of the Estate of FRANK J. SMART, JR., Deceased, | CIVIL DIVISION |
| | No. 2:15-cv-00953-CRE |
| Plaintiff, | |
| v. | |
| CORIZON, INC., CORIZON HEALTH, INC., ALLEGHENY COUNTY d/b/a ALLEGHENY COUNTY JAIL, and ORLANDO HARPER, | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Corizon Inc., and Corizon Health Inc., by its undersigned counsel, submit the within Answer and Affirmative Defenses to Plaintiff Complaint.

## ANSWER

1.      Upon information and belief, a letter of administration has been issued naming Tiara Smart as the Administratrix of the Estate of Frank J. Smart, Jr.   After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 1 of plaintiff's Complaint. Accordingly, they are denied.

2.      Denied.  By way of further response, the certificate of death lists the date of birth as August 5, 1975 and date of death as January 5, 2015.

3.      It is admitted that Corizon Health, Inc. is a Delaware Corporation.  The remaining averments of paragraph 3 are denied as the address for Corizon Health, Inc. is 103 Powell Court, Brentwood, TN 37027.

1869828.1

4.      It is admitted that Corizon, Inc. is a Missouri corporation.  The remaining averments of paragraph 4 are denied as the address for Corizon, Inc. is 103 Powell Court, Brentwood, TN 37027.

5.      It is admitted that Corizon Health, Inc. and Allegheny County entered into a contract whereby Corizon Health, Inc. would provide certain services at the Allegheny County Jail.  It is further admitted that Corizon Health, Inc. provided such services in compliance with the terms and conditions of the contract.  The remaining averments of paragraph 5 of plaintiff's Complaint are denied.

6.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 6 of plaintiff's Complaint.  Accordingly, they are denied.

7.      It is denied that Corizon, Inc. or Corizon Health, Inc. were agents of the County of Allegheny.  It is further denied that Corizon, Inc. did any business or provided any health services to inmates of the Allegheny County Jail.  The remaining averments of paragraph 7 are denied.

8.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 8 of plaintiff's Complaint.  Accordingly, they are denied.

9.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 9 of plaintiff's Complaint.  Accordingly, they are denied.

10.      The averments of paragraph 10 of plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

1869828.1

11.     After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 11 of plaintiff's Complaint. Accordingly, they are denied.

12.     After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 12 of plaintiff's Complaint. Accordingly, they are denied.

13.     As of the date of the filing of the Answer and Affirmative Defenses on behalf of Corizon, Inc. and Corizon Health, Inc., neither of these defendants is aware of any other action for the wrongful death of Frank J. Smart, Jr. or for damages for any injuries allegedly causing Mr. Smart's death.

14.     Because plaintiff has failed to identify any specific individuals, neither Corizon, Inc. nor Corizon Health, Inc. is able to respond to the averments of paragraph 14. Accordingly, said averments are denied.

15.     It is admitted that medical records indicate Mr. Smart was incarcerated at the Allegheny County Jail on January 4, 2015. After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 15 of plaintiff's Complaint. Accordingly, they are denied.

16.     It is admitted that medical records indicated Mr. Smart reported during intake on January 4, 2015 that he took medications to help with a seizure condition. After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 16 of plaintiff's Complaint. Accordingly, they are denied.

17.     The averments of paragraph 17 of plaintiff's Complaint are denied.

18.     The averments of paragraph 18 of plaintiff's Complaint are denied.

1869828.1

19.     The averments of paragraph 19 of plaintiff's Complaint are denied.

20.     The averments of paragraph 20 of plaintiff's Complaint are denied. By way of further response, Mr. Smart was prescribed all medication that he reported during the intake process on January 4, 2015. According to the medical records, he received the medication as ordered.

21.     The averments of paragraph 21 of plaintiff's Complaint are denied.

22.     The averments of paragraph 22 of plaintiff's Complaint are denied.

23.     The averments of paragraph 23 of plaintiff's Complaint are admitted in part. It is admitted that during the late evening hours of January 4, 2015, the medical records indicate Mr. Smart began seizing. He received immediate and prompt care and attention. Pursuant to the medical records, Mr. Smart was transferred to UPMC Mercy Hospital.

24.     Pursuant to the information contained on the certificate of death, the averments of paragraph 24 of plaintiff's Complaint are admitted.

25.     The averments of paragraph 25 of plaintiff's Complaint are denied. By way of further response, Mr. Smart did receive his medication as ordered.

26.     The averments of paragraph 26 of plaintiff's Complaint are denied.

27.     The averments of paragraph 27 of plaintiff's Complaint are denied.

28.     The averments of paragraph 28 of plaintiff's Complaint are denied.

29.     The averments of paragraph 29 of plaintiff's Complaint are denied. By way of further response, the audit referenced as exhibit A speaks for itself. Mr. Smart's care was not part of the audit nor are any of the reported deficiencies outlined in the audit connected to Mr. Smart's care.

30.     The averments of paragraph 30 of plaintiff's Complaint are denied. By way of further response, the audit referenced as exhibit A speaks for itself. Mr. Smart's care was not

1869828.1

part of the audit nor are any of the reported deficiencies outlined in the audit connected to Mr. Smart's care.

31.    The averments of paragraph 31 of plaintiff's Complaint are denied.

## COUNT I - 42 U.S.C. § 1983

**Tiara Smart, Administratrix of the Estate of Frank J. Smart**
**v.**
**Corizon, Inc. and Corizon Health, Inc.**

32.    Paragraphs 1-31 are incorporated herein as though set forth in full.

33.    It is denied that Corizon, Inc. has any relationship with Mr. Smart or the Allegheny County Jail.  The remaining averments of paragraph 33 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

34.    The averments of paragraph 34 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

35.    The averments of paragraph 35, including subparagraphs (a)-(l), are denied.

36.    The averments of paragraph 36, including subparagraphs (a)-(e), are denied.

37.    The averments of paragraph 37 of plaintiff's Complaint are denied.

38.    The averments of paragraph 38 of plaintiff's Complaint are denied.

39.    The averments of paragraph 39 of plaintiff's Complaint are denied.

40.    The averments of paragraph 40 of plaintiff's Complaint are denied.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

1869828.1

## COUNT II - 42 U.S.C. § 1983

### Tiara Smart, Administratrix of the Estate of Frank J. Smart
### v.
### Allegheny County

41.     Paragraphs 1-40 are incorporated herein as though set forth in full.

42-46. The averments of Count II of plaintiff's Complaint, including paragraphs 42-46, are directed to a party other than these defendants.  As such, no response is required by these defendants.  To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

## COUNT III - 42 U.S.C. § 1983

### Tiara Smart, Administratrix of the Estate of Frank J. Smart
### v.
### Warden Orlando Harper

47.     Paragraphs 1-46 are incorporated herein as though set forth in full.

48-57. The averments of Count III of plaintiff's Complaint, including paragraphs 48-57, are directed to a party other than these defendants.  As such, no response is required by these defendants.  To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

1869828.1

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of the Federal Prison Litigation Reform Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of the Pennsylvania Prison Litigation Reform Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants were acting in an appropriate and professional manner and engaged in no misconduct toward Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants' conduct was reasonable and appropriate under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend or supplement this pleading at any time in the future, up to, including, and after trial, as Defendants may deem necessary or appropriate.

1869828.1

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants raise all affirmative defenses set forth and/or available as a result of the Health Care Services Malpractices Act of Pennsylvania, 40 P.S. § 1301, *et seq.* and/or the Medical Care Availability and Reduction of Error (MCARE) Act.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants plead the doctrine of intervening and superseding causes as affirmative defenses.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any pre-existing medical conditions, which caused or contributed to the Plaintiff's alleged injuries or damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any after-occurring medical conditions or events which might have caused or contributed to Plaintiff's claimed injuries or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the government Contractor Defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiff of any rights secured under the laws or Constitution of the United States.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim against Defendants arising under 42 U.S.C. § 1983, or arising under any other statute or law cited by Plaintiff.

1869828.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants did not act with deliberate indifference as to any serious medical need of plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to fully exhaust his administrative remedies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants deny all allegations in the Complaint not specifically admitted or otherwise responded to in the Answer.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert each and every defense available under 42 USC §1983.

WHEREFORE, defendants demand judgment in their favor and request any relief the Court deems appropriate.

Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP

/s/ Kathryn M. Kenyon
Kathryn M. Kenyon, Esquire
PA ID. # 82262
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222

Counsel for Defendants, Corizon, Inc.
and Corizon Health, Inc.

1869828.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2015 a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was filed electronically.   Parties may access this filing through the Court's ECF/PACER system.


MEYER UNKOVIC & SCOTT, LLP



*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire