2095212

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIARA SMART, Administratrix  of the Estate of FRANK J. SMART, JR., Deceased, | CIVIL DIVISION |
| | No. 2:15-cv-00953-CRE |
| Plaintiff, | |
| v. | |
| CORIZON, INC., CORIZON HEALTH, INC., ALLEGHENY COUNTY d/b/a ALLEGHENY COUNTY JAIL, and ORLANDO HARPER, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Corizon Inc., and Corizon Health Inc., by its undersigned counsel, submit the within Answer and Affirmative Defenses to Plaintiff Amended Complaint.

**ANSWER**

1.     Upon information and belief, a letter of administration has been issued naming Tiara Smart as the Administratrix of the Estate of Frank J. Smart, Jr.  After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 1 of plaintiff's Amended Complaint.  Accordingly, they are denied.

2.     Denied.  By way of further response, the certificate of death lists the date of birth as August 5, 1975 and date of death as January 5, 2015.

2095212

3.      It is admitted that Corizon Health, Inc. is a Delaware Corporation.  The remaining averments of paragraph 3 are denied as the address for Corizon Health, Inc. is 103 Powell Court, Brentwood, TN 37027.

4.      It is admitted that Corizon, Inc. is a Missouri corporation.   The remaining averments of paragraph 4 are denied as the address for Corizon, Inc. is 103 Powell Court, Brentwood, TN 37027.

5.      It is admitted that Corizon Health, Inc. and Allegheny County entered into a contract whereby Corizon Health, Inc. would provide certain services at the Allegheny County Jail.  It is further admitted that Corizon Health, Inc. provided such services in compliance with the terms and conditions of the contract.  The remaining averments of paragraph 5 of plaintiff's Amended Complaint are denied.

6.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 6 of plaintiff's Amended Complaint.  Accordingly, they are denied.

7.      It is denied that Corizon, Inc. or Corizon Health, Inc. were agents of the County of Allegheny.  It is further denied that Corizon, Inc. did any business or provided any health services to inmates of the Allegheny County Jail.  The remaining averments of paragraph 7 are denied.

8.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 8 of plaintiff's Amended Complaint.  Accordingly, they are denied.

9.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 9 of plaintiff's Amended Complaint.  Accordingly, they are denied.

10.      The averments of paragraph 10 of plaintiff's Amended Complaint constitute conclusions of law to which no response is required.   To the extent a response is deemed necessary, said averments are denied.

11.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 11 of plaintiff's Amended Complaint.  Accordingly, they are denied.

12.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 12 of plaintiff's Amended Complaint.  Accordingly, they are denied.

13.      After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 13 of plaintiff's Amended Complaint.  Accordingly, they are denied.

14.      Because plaintiff has failed to identify any specific individuals, neither Corizon, Inc. nor Corizon Health, Inc. is able to respond to the averments of paragraph 14.  Accordingly, said averments are denied.

15.      It is admitted that medical records indicate Mr. Smart was incarcerated at the Allegheny County Jail on January 4, 2015.  After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 15 of plaintiff's Amended Complaint.  Accordingly, they are denied.

2095212

16.     It is admitted that medical records indicate Mr. Smart reported during intake on January 4, 2015 that he took medications to help with a seizure condition.  After reasonable investigation, these defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 16 of plaintiff's Amended Complaint.  Accordingly, they are denied.

17.     The averments of paragraph 17 of plaintiff's Amended Complaint are denied.

18.     The averments of paragraph 18 of plaintiff's Amended Complaint are denied.

19.     The averments of paragraph 19 of plaintiff's Amended Complaint are denied.

20.     The averments of paragraph 20 of plaintiff's Amended Complaint are denied.  By way of further response, Mr. Smart was prescribed all medication that he reported during the intake process on January 4, 2015.  According to the medical records, he received the medication as ordered.

21.     The averments of paragraph 21 of plaintiff's Amended Complaint are denied.

22.     The averments of paragraph 22 of plaintiff's Amended Complaint are denied.

23.     The averments of paragraph 23 of plaintiff's Amended Complaint are admitted in part.  It is admitted that during the late evening hours of January 4, 2015, the medical records indicate Mr. Smart began seizing.  He received immediate and prompt care and attention.  Pursuant to the medical records, Mr. Smart was transferred to UPMC Mercy Hospital.

24.     Pursuant to the information contained on the certificate of death, the averments of paragraph 24 of plaintiff's Amended Complaint are admitted.

25.     The averments of paragraph 25 of plaintiff's Amended Complaint are denied.  By way of further response, Mr. Smart did receive his medication as ordered.

26.     The averments of paragraph 26 of plaintiff's Amended Complaint are denied.

2095212

27.     The averments of paragraph 27 of plaintiff's Amended Complaint are denied.

28.     The averments of paragraph 28 of plaintiff's Amended Complaint are denied.

29.     The averments of paragraph 29 of plaintiff's Amended Complaint are denied.  By way of further response, the audit referenced as exhibit A speaks for itself.  Mr. Smart's care was not part of the audit nor are any of the reported deficiencies outlined in the audit connected to Mr. Smart's care.

30.     The averments of paragraph 30 of plaintiff's Amended Complaint, including all subparagraphs, are denied.  By way of further response, the audit referenced as exhibit A speaks for itself.  Mr. Smart's care was not part of the audit nor are any of the reported deficiencies outlined in the audit connected to Mr. Smart's care.

31.     The averments of paragraph 31of plaintiff's Amended Complaint are denied.

### COUNT I - 42 U.S.C. § 1983

**Tiara Smart, Administratrix of the Estate of Frank J. Smart**
**v.**
**Corizon, Inc. and Corizon Health, Inc.**

32.     Paragraphs 1-31 are incorporated herein as though set forth in full.

33.     It is denied that Corizon, Inc. has any relationship with Mr. Smart or the Allegheny County Jail.  The remaining averments of paragraph 33 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

34.     The averments of paragraph 34 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

35.     The averments of paragraph 35, including subparagraphs (a)-(l), are denied.

36.     The averments of paragraph 36, including subparagraphs (a)-(e), are denied.

2095212

37.     The averments of paragraph 37 including all subparagraphs of plaintiff's Amended Complaint are denied.

38.     The averments of paragraph 38 including all subparagraphs of plaintiff's Amended Complaint are denied.

39.     The averments of paragraph 39 including all subparagraphs of plaintiff's Amended Complaint are denied.

40.     The averments of paragraph 40 including all subparagraphs of plaintiff's Amended Complaint are denied.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

## COUNT II – PROFESSIONAL NEGLIGENCE/SURVIVAL ACTION

### Tiara Smart, Administratrix of the Estate of Frank J. Smart v.

### Corizon, Inc. and Corizon Health, Inc.

41.     Paragraphs 1-40 are incorporated herein as though set forth in full.

42.     The averments of paragraph 42 of plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

43.     The averments of paragraph 43 including all subparagraphs of plaintiff's Amended Complaint are denied.

44.     The averments of paragraph 44 including all subparagraphs of plaintiff's Amended Complaint are denied.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

2095212

## COUNT III – PROFESSIONAL NEGLIGENCE/WRONGFUL DEATH

### Tiara Smart, Administratrix of the Estate of Frank J. Smart v.

### Corizon, Inc. and Corizon Health, Inc.

45.     Paragraphs 1-44 are incorporated herein as though set forth in full.

46.     The averments of paragraph 46 of plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

47.     After reasonable investigation, these defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 47 of plaintiff's Amended Complaint.  Accordingly, said averments are denied.

48.     The averments of paragraph 48 of plaintiff's Amended Complaint are denied.  By way of further response, defendants incorporate herein their response to paragraph 43 above.

49.     The averments of paragraph 49 including all subparagraphs of plaintiff's Amended Complaint are denied.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

## COUNT IV – CORPORATE NEGLIGENCE/SURVIVAL ACTION

### Tiara Smart, Administratrix of the Estate of Frank J. Smart v.

### Corizon, Inc. and Corizon Health, Inc.

50.     Paragraphs 1-49 are incorporated herein as though set forth in full.

51.     It is denied that Corizon, Inc. employed any individuals at the Allegheny County Jail and it is further denied that Corizon, Inc. was responsible for the care and treatment of Mr. Smart.  As plaintiff has not identified any specific individuals, Corizon Health, Inc. lacks

2095212

information or knowledge to form a belief as to the truth or falsity of the averments of paragraph 51 of plaintiff's Amended Complaint.  Accordingly, said averments are denied.

52.     The averments of paragraph 52 of plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

53.     The averments of paragraph 53 of plaintiff's Amended Complaint are denied.  By way of further response, defendants incorporate herein their response to paragraph 43 above.


54.     The averments of paragraph 54 of plaintiff's Amended Complaint are denied.  By way of further response, defendants incorporate herein their response to paragraph 37 above.

55.     The averments of paragraph 55 of plaintiff's Amended Complaint are denied.  By way of further response, defendants incorporate herein their response to paragraphs 39 and 40 above.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

### COUNT V – CORPORATE NEGLIGENCE/WRONGFUL DEATH

### Tiara Smart, Administratrix of the Estate of Frank J. Smart v.

### Corizon, Inc. and Corizon Health, Inc.

56.     Paragraphs 1-55 are incorporated herein as though set forth in full.

57.     It is denied that Corizon, Inc. employed any individuals at the Allegheny County Jail and it is further denied that Corizon, Inc. was responsible for the care and treatment of Mr. Smart.   As plaintiff has not identified any specific individuals, Corizon Health, Inc. lacks

2095212

information or knowledge to form a belief as to the truth or falsity of the averments of paragraph 57 of plaintiff's Amended Complaint.  Accordingly, said averments are denied.

58.     The averments of paragraph 58 of plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.

59.     The averments of paragraph 59 of plaintiff's Amended Complaint are denied.  By way of further response, defendants incorporate herein their response to paragraph 43 above.

60.     The averments of paragraph 60 of plaintiff's Amended Complaint are denied.  By way of further response, defendants incorporate herein their response to paragraph 37 above.

61.     The averments of paragraph 61 of plaintiff's Amended Complaint are denied.  By way of further response, defendants incorporate herein their response to paragraphs 39 and 40 above.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

<u>COUNT VI - 42 U.S.C. § 1983</u>

**Tiara Smart, Administratrix of the Estate of Frank J. Smart**
**v.**
**Allegheny County**

62.     Paragraphs 1-61 are incorporated herein as though set forth in full.

63-68. The averments of Count VI of plaintiff's Amended Complaint, including paragraphs 63-68, are directed to a party other than these defendants.  As such, no response is required by these defendants.  To the extent a response is deemed necessary, said averments are denied.

2095212

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

## COUNT VII - 42 U.S.C. § 1983

### Tiara Smart, Administratrix of the Estate of Frank J. Smart
### v.
### Warden Orlando Harper

69.     Paragraphs 1-68 are incorporated herein as though set forth in full.

70-79. The averments of Count VII of plaintiff's Amended Complaint, including paragraphs 70-79, are directed to a party other than these defendants.  As such, no response is required by these defendants.  To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, defendants respectfully request judgment in their favor against plaintiff together with costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of the Federal Prison Litigation Reform Act.

2095212

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of the Pennsylvania Prison Litigation Reform Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants were acting in an appropriate and professional manner and engaged in no misconduct toward Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants' conduct was reasonable and appropriate under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend or supplement this pleading at any time in the future, up to, including, and after trial, as Defendants may deem necessary or appropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants raise all affirmative defenses set forth and/or available as a result of the Health Care Services Malpractices Act of Pennsylvania, 40 P.S. § 1301, *et seq.* and/or the Medical Care Availability and Reduction of Error (MCARE) Act.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants plead the doctrine of intervening and superseding causes as affirmative defenses.

2095212

THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any pre-existing medical conditions, which caused or contributed to the Plaintiff's alleged injuries or damages.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any after-occurring medical conditions or events which might have caused or contributed to Plaintiff's claimed injuries or damages.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the government Contractor Defense.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiff of any rights secured under the laws or Constitution of the United States.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim against Defendants arising under 42 U.S.C. § 1983, or arising under any other statute or law cited by Plaintiff.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants did not act with deliberate indifference as to any serious medical need of plaintiff.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to fully exhaust administrative remedies.

2095212

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendants deny all allegations in the Amended Complaint not specifically admitted or otherwise responded to in the Answer.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Defendants assert each and every defense available under 42 U.S.C. §1983.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

At no time did Defendants deprive Plaintiff of any right as protected under the Eighth or Fourteenth Amendments to the United States Constitution, 42 U.S.C.A. § 1983 or any other state or federally protected right or privilege.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

At no time did these Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

At no time did these Defendants fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Plaintiff.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

At all times Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

Defendants plead as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury and the limitation on attorneys' fees.

2095212

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities or events, over which answering Defendants had no control or duty to control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The treatment afforded the defendant was, at all material times, in accordance with the applicable standards of medical care.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is asserting state law malpractice claims, Plaintiff has failed to file an acceptable certificate of merit as required under Pennsylvania law and, as such, his claim is barred.

WHEREFORE, defendants demand judgment in their favor and request any relief the Court deems appropriate.


Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP


*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire
PA ID. # 82262
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222

*Counsel for Defendants, Corizon, Inc.*
*and Corizon Health, Inc.*

2095212

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016 a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was filed electronically.  Parties may access this filing through the Court's ECF/PACER system.


MEYER UNKOVIC & SCOTT, LLP



*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire