IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIARA SMART, Administratrix of the Estate    No. 2:15-cv-00953
of FRANK J. SMART, JR., Deceased,
Plaintiff

v.

CORIZON, INC.; CORIZON HEALTH, INC.;    **JURY TRIAL DEMANDED**
ALLEGHENY COUNTY d/b/a
ALLEGHENY COUNTY JAIL; and
ORLANDO HARPER,
Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

## AMENDED COMPLAINT

**NOW COME** Defendants Allegheny County and Orlando Harper (at times hereinafter referred to as "Defendants", "these Defendants", and/or "the County Defendants") by their counsel, Dennis Biondo Jr. of the Allegheny County Law Department, and file this Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

## ANSWER

1. Lacking knowledge and information sufficient to form a belief about the allegations of this paragraph, Defendants specifically deny those allegations.

1

2.  Lacking knowledge and information sufficient to form a belief about the birth date of Frank J. Smart, Jr. ("Decedent"), Defendants specifically deny that allegation.  Defendants admit Decedent died.  Defendants specifically deny that Decedent died on January 4, 2015.  To the best of Defendants' knowledge and belief, Decedent died on January 5, 2015.

3.  The allegations of this paragraph are not directed to these Defendants and, as such, these Defendants need not reply. To the extent a response is required, Defendants specifically deny the allegations of this paragraph.

4.  The allegations of this paragraph are not directed to these Defendants and, as such, these Defendants need not reply. To the extent a response is required, Defendants specifically deny the allegations of this paragraph.

5.  Defendants admit that, pursuant to a contract with Allegheny County, Defendant Corizon Health, Inc. did, in fact, provide health care services to inmates/detainees, including Decedent, at the Allegheny County Jail ("ACJ") at times relevant to this action.  Defendants specifically deny the remaining allegations of this paragraph.

6.  Admitted.

7.  Defendants admit that Defendant Corizon Health, Inc. provided health services to inmates at the ACJ and was paid by Allegheny County to do

2

so.  The remaining allegations in this paragraph, including those relating to agency, state one or more conclusions of law to which no response is required. To the extent a response is required to those remaining allegations, Defendants specifically deny them.

8.   Admitted that Orlando Harper was the Warden of the ACJ and properly performed his duties as Warden at times relevant hereto. The remaining allegations in this paragraph, including those relating to agency, state one or more conclusions of law to which no response is required.

9.   Admitted.

10.  The allegations of this paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendants specifically deny all allegations of this paragraph.  By way of further response, Defendants specifically deny any and all allegations, express or implied, that any of their conduct entitles Plaintiff to any finding of liability on Defendants' parts or entitles Plaintiff to any monetary recovery under any state or federal law, including the legal provisions cited by Plaintiff in this paragraph. To the extent a further response is required, Defendants specifically deny all allegations of this paragraph.

11.  Lacking knowledge and information sufficient to form a belief about the allegations of this paragraph, including the alleged relationships between Decedent and the persons named in this paragraph, and including the

identities and ages of the persons named in this paragraph, Defendants specifically deny all allegations of this paragraph.

12.   To the best of Defendants' knowledge, Decedent did not bring an action against the County Defendants for supposed injuries that allegedly led to his death. The County Defendants lack knowledge and information as to whether any such action was brought against Corizon Health, Inc. or Corizon, Inc. (at times hereinafter referred to as "the Corizon Defendants").

13.   To the best of Defendants' knowledge, no action other than this one has ever been brought against the County Defendants for the allegedly wrongful death of Decedent.  The County Defendants lack knowledge and information as to whether any action other than this one has been brought against the Corizon Defendants.

14.   The allegations of this paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendants specifically deny all allegations, express or implied, that any conduct of any Defendant in this case entitles Plaintiff to a finding of liability or any monetary recovery against Defendants Allegheny County and/or Harper on any legal theory. To the extent a further response is required, Defendants specifically deny all allegations of this paragraph.

15.   Admitted.

16.   Lacking knowledge and information sufficient to form a belief about the allegations of this paragraph, Defendants specifically deny those allegations. By way of further response, Defendants also note that this paragraph contains medical opinions beyond the expertise, knowledge, and information of these Defendants and, as such, Defendants specifically deny the allegations of this paragraph.

17.   Defendants admit that, during one or more previous incarcerations, Decedent received proper medical/intake screening conducted by the medical provider at the ACJ and Decedent received all proper medical treatment and/or medications at the ACJ.   The remaining allegations of this paragraph state conclusions of law to which no response is required and/or state medical opinions beyond the expertise, knowledge, and information of these Defendants.   As such, no response is required to those remaining allegations. To the extent a response is required, Defendants specifically deny the remaining allegations of this paragraph.

18.   Specifically denied.

19.   Specifically denied.

20.   Specifically denied. By way of further response, it is specifically denied that Decedent was not prescribed proper medication, anti-seizure or otherwise at the ACJ.   To the contrary, Decedent was prescribed, and received,

all proper medical care and all needed medication at the ACJ at all times relevant to this action.

21.  The allegation that Decedent "suffered a violent grand mal seizure" involves one or more medical opinions beyond the expertise, knowledge, and information of these Defendants.  As such, no response is required. To the extent a response is required, that allegation is specifically denied. Defendants otherwise specifically deny all allegations of this paragraph.

22.  Specifically denied.

23.  The allegations of this paragraph involve one or more medical opinions beyond the expertise, knowledge, and information of these Defendants. As such, no response is required.  The allegations of this paragraph also state conclusions of law to which no response is required. To the extent a response is required, Defendants specifically deny that any physical restraint caused Decedent to suffer any injuries. Furthermore, for all the foregoing reasons, Defendants specifically deny all allegations of this paragraph except that Defendants admit Decedent was properly transported to UPMC Mercy Hospital.

24.  Based on information received, specifically the certificate of death, the averments of paragraph 24 are admitted.

25.  Specifically denied. By way of further response, Defendants specifically deny that any Allegheny County personnel ignored any supposed

6

requests from Decedent or anyone else for medication. Furthermore, Decedent did receive proper medication at the ACJ.

26.   Specifically denied. By way of further response, the County Defendants had in place all appropriate customs and policies to provide Decedent and other inmates appropriate access to medical care at times relevant hereto.

27.  Specifically denied.

28.   This paragraph is not directed at the County Defendants and, as such, no response is required. Furthermore, whether and when the Corizon Defendants had a history of providing "substandard and grossly inadequate medical care" involves one or more medical opinions beyond the expertise, knowledge, and information of the County Defendants.  As such, no response is required.  To the extent a response is required from the County Defendants, these Defendants specifically deny all allegations of this paragraph.

29.   This paragraph offers a report (Complaint Exhibit A) in purported support of Plaintiff's claim that the Corizon Defendants had a particular history as alleged by Plaintiff in Complaint Paragraph 28. Accordingly, the County Defendants incorporate their previous response, **supra**, to Complaint Paragraph 28.

Furthermore, the County Defendants specifically deny any and all suggestions, express or implied, that Complaint Exhibit A constitutes evidence

establishing any allegation by Plaintiff that the County Defendants and/or the Corizon Defendants had in place any defective custom and/or policy, failed to have in place proper customs and/or policies, or engaged in any conduct that violated Decedent's rights in any way. Defendants specifically deny all allegations of Complaint Paragraph 29.

30. This paragraph offers a report (Complaint Exhibit A) in purported support of Plaintiff's claim that the Corizon Defendants provided deficient medical care to inmates at the ACJ. Accordingly, this paragraph is not directed to the County Defendants. As such, no response is required. Furthermore, the allegations that the Corizon Defendants provided deficient medical care in the ways alleged in this paragraph involve one or more medical opinions beyond the expertise, knowledge, and information of these Defendants. As such, no response is required.

To the extent a response is required, the County Defendants specifically deny all allegations of this paragraph. Furthermore, again to the extent a response is required from the County Defendants, these Defendants specifically deny any and all suggestions, express or implied, that Complaint Exhibit A or the allegations of Complaint Paragraph 30, Subparagraphs A-K, constitute evidence establishing any allegation by Plaintiff that the County Defendants and/or the Corizon Defendants had in place any defective custom and/or policy, failed to have in place proper customs and/or policies, or

8

engaged in any conduct that violated Decedent's rights in any way.   The County Defendants did not ever in any way violate any of Decedent's rights. The County Defendants protected Decedent's constitutional and all other rights.

31.   This paragraph is not directed at the County Defendants and, as such, no response is required. To the extent a response is required, these Defendants specifically deny that Complaint Exhibit A or any of Plaintiff's allegations demonstrate "systematic violations of inmates' [c]onstitutional rights" at the ACJ by the Corizon Defendants and/or by the County Defendants. The County Defendants specifically deny all allegations of this paragraph.

## **COUNT I – 42 U.S.C. § 1983**

### **Tiara Smart v. Corizon, Inc. and Corizon Health, Inc.**

32.   Count I and its Paragraphs 32-40 are directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.

However, to the extent a response is required, the County Defendants incorporate as their response all foregoing paragraphs of this Answer as though set forth completely herein.

Furthermore, to the extent a response is required, the County Defendants specifically deny all allegations in Complaint Paragraphs 32-40. To

the extent a further response is required, the County Defendants also respond as follows.

33.  Paragraph 33 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Moreover, the County Defendants note that Complaint Paragraph 33 states conclusions of law to which no response is required. To the extent a response is required, the County Defendants specifically deny the allegations of this paragraph.

34.  Paragraph 34 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 34 states conclusions of law to which no response is required.  To the extent a response is required, the County Defendants specifically deny the allegations of this paragraph.

35.  Paragraph 35 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 35 states conclusions of law to which no response is required.

To the extent a response is required, the County Defendants specifically deny the allegations of this paragraph.  To the extent a further response is required from the County Defendants, these Defendants specifically deny that

there existed at the ACJ any defective policies, procedures, practices, customs, directives, and/or administrative procedures on the part of the Corizon Defendants and/or the County Defendants. The County Defendants specifically deny that any policies, procedures, practices, customs, directives, and/or administrative procedures in use by the Corizon Defendants and/or the County Defendants at the ACJ at times relevant to this suit were defective in the ways claimed by Plaintiff in Subparagraphs A-L of Complaint Paragraph 35. The County Defendants likewise specifically deny that any customs or policies of the Corizon Defendants and/or the County Defendants caused injuries and/or damages to Decedent.  The customs and policies of the Corizon Defendants and the County Defendants did not cause Decedent harm.

36.  Paragraph 36 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 36 states conclusions of law to which no response is required.

To the extent a response is required from the County Defendants, these Defendants specifically deny the allegations of this paragraph.  To the extent a further response is required, the County Defendants specifically deny that the Corizon Defendants and/or the County Defendants engaged in any reckless and/or deliberate indifference to the safety, health, and/or

constitutional rights of Decedent in the particulars set forth in Subparagraphs A-E of Complaint Paragraph 36 or in any other way.

37.  Paragraph 37 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 37 states conclusions of law to which no response is required.

To the extent a response is required from the County Defendants, these Defendants specifically deny that the Corizon Defendants and/or the County Defendants engaged in any actions or employed any policies or customs that increased the risk of injury to Decedent or that caused him injury in any way. These Defendants specifically deny that the Corizon Defendants and/or the County Defendants increased the risk of, and/or caused, the injuries alleged by Plaintiff in the subparagraphs of Complaint Paragraph 37.

38.  Paragraph 38 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 38 states conclusions of law to which no response is required.

To the extent a response is required from the County Defendants, these Defendants specifically deny that the Corizon Defendants and/or the County Defendants violated Decedent's civil rights, whether under the federal Fourth, Eighth, or Fourteenth Amendments or otherwise.  Defendants specifically deny

12

that the Corizon Defendants and/or the County Defendants violated Decedent's rights in the ways alleged by Plaintiff in Subparagraphs A-D of Complaint Paragraph 38 or in any other way.

39.  Paragraph 39 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 39 states conclusions of law to which no response is required.

To the extent a response is required from the County Defendants, these Defendants specifically deny that the Corizon Defendants and/or the County Defendants caused Decedent to suffer any damages listed in Subparagraphs A and B of Complaint Paragraph 39 or otherwise.

40.  Paragraph 40 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 40 states conclusions of law to which no response is required.

To the extent a response is required from the County Defendants, these Defendants specifically deny that the Corizon Defendants and/or the County Defendants caused Decedent to suffer any damages listed in Subparagraphs A-E of Complaint Paragraph 40 or otherwise.

**WHEREFORE,** the County Defendants demand judgment in their favor against Plaintiff.  The County Defendants also demand all attorneys' fees and all costs incurred by them in defending this suit.

### COUNT II – PROFESSIONAL NEGLIGENCE/SURVIVAL ACTION

### Tiara Smart v. Corizon, Inc. and Corizon Health, Inc.

41. Count I and its Paragraphs 41-44 are directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.

However, to the extent a response is required, the County Defendants incorporate as their response all foregoing paragraphs of this Answer as though set forth completely herein.

Furthermore, to the extent a response is required, the County Defendants specifically deny all allegations in Complaint Paragraphs 41-44. To the extent a further response is required, the County Defendants also respond as follows.

42.  Paragraph 42 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 42 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 42 are denied.

14

43.  Paragraph 43 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 43 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 43 including all subparagraphs are denied.

44.  Paragraph 44 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 44 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 44 including all subparagraphs are denied.

**WHEREFORE,** the County Defendants demand judgment in their favor against Plaintiff.  The County Defendants also demand all attorneys' fees and all costs incurred by them in defending this suit.


## COUNT III – PROFESSIONAL NEGLIGENCE/WRONGFUL DEATH

### Tiara Smart v. Corizon, Inc. and Corizon Health, Inc.

45.  Count I and its Paragraphs 45-49 are directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.

15

However, to the extent a response is required, the County Defendants incorporate as their response all foregoing paragraphs of this Answer as though set forth completely herein.

Furthermore, to the extent a response is required, the County Defendants specifically deny all allegations in Complaint Paragraphs 45-49. To the extent a further response is required, the County Defendants also respond as follows.

46.  Paragraph 46 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 46 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 46 are denied.

47. Paragraph 47 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. To the extent a response is required, County Defendants incorporate herein their response to paragraphs 12 and 13 of County's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

48.  Paragraph 48 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 48 states

16

conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 48 are denied.

49. Paragraph 49 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 49 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 49 are denied.

**WHEREFORE,** the County Defendants demand judgment in their favor, against Plaintiff.  The County Defendants also demand all attorneys' fees and all costs incurred by them in defending this suit.


## COUNT IV – CORPORATE NEGLIGENCE/SURVIVAL ACTION

### Tiara Smart v. Corizon, Inc. and Corizon Health, Inc.

50. Count I and its Paragraphs 50-55 are directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.

However, to the extent a response is required, the County Defendants incorporate as their response all foregoing paragraphs of this Answer as though set forth completely herein.

Furthermore, to the extent a response is required, the County Defendants specifically deny all allegations in Complaint Paragraphs 50-55. To

the extent a further response is required, the County Defendants also respond as follows.

51.  Paragraph 51 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.   Furthermore, the County Defendants note that Complaint Paragraph 51 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 51 are denied.

52.  Paragraph 52 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.   Furthermore, the County Defendants note that Complaint Paragraph 52 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 52 are denied.

53.  Paragraph 53 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.   Furthermore, the County Defendants note that Complaint Paragraph 53 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 53 are denied.

54.  Paragraph 54 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.    Furthermore, the County Defendants note that Complaint Paragraph 54 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 54 are denied.

55.  Paragraph 55 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.    Furthermore, the County Defendants note that Complaint Paragraph 55 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 55 are denied.

**WHEREFORE,** the County Defendants demand judgment in their favor, against Plaintiff.  The County Defendants also demand all attorneys' fees and all costs incurred by them in defending this suit.

## COUNT V – CORPORATE NEGLIGENCE/WRONGFUL DEATH
### Tiara Smart v. Corizon, Inc. and Corizon Health, Inc.

56.  Count I and its Paragraphs 56-61 are directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants.

19

However, to the extent a response is required, the County Defendants incorporate as their response all foregoing paragraphs of this Answer as though set forth completely herein.

Furthermore, to the extent a response is required, the County Defendants specifically deny all allegations in Complaint Paragraphs 56-61. To the extent a further response is required, the County Defendants also respond as follows.

57.  Paragraph 57 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 57 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 57 are denied.

58.  Paragraph 58 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 58 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 58 are denied.

59.  Paragraph 59 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 59 states

conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 59 are denied.

60.  Paragraph 60 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 60 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 60 are denied.

61. Paragraph 61 is directed at the Corizon Defendants, not the County Defendants. As such, no response is required from the County Defendants. Furthermore, the County Defendants note that Complaint Paragraph 61 states conclusions of law to which no response is required.  To the extent a response is required, the averments contained in paragraph 61 are denied.

**WHEREFORE,** the County Defendants demand judgment in their favor, against Plaintiff.  The County Defendants also demand all attorneys' fees and all costs incurred by them in defending this suit.

## COUNT VI – 42 U.S.C. § 1983

### Tiara Smart v. Allegheny County

62.  Defendants incorporate all foregoing paragraphs of this Answer as though set forth completely herein.

63.  This paragraph states conclusions of law to which no response is required. To the extent a response is required, the County Defendants note that they properly fulfilled all duties and obligations they had vis-à-vis Decedent.

64.  This paragraph states conclusions of law to which no response is required.  To the extent a response is required, the County Defendants specifically deny all allegations of this paragraph.

To the extent a further response is required, the County Defendants specifically deny that there existed at the ACJ any defective policies, procedures, practices, customs, directives, and/or administrative procedures on the part of the County Defendants. The County Defendants specifically deny that any policies, procedures, practices, customs, directives, and/or administrative procedures in use by the County Defendants at the ACJ at times relevant to this suit were defective in the ways claimed by Plaintiff in Subparagraphs A-M of Complaint Paragraph 64. The County Defendants specifically deny those subparagraphs. The County Defendants likewise specifically deny that any policies of the County Defendants caused injuries and/or damages to Decedent.  At all times relevant hereto, the County Defendants properly fulfilled all duties and obligations they had vis-à-vis Decedent.

22

65.  This paragraph states conclusions of law to which no response is required. To the extent a response is required the County Defendants specifically deny all allegations of this paragraph.

To the extent a further response is required, the County Defendants specifically deny that they engaged in any reckless and/or deliberate indifference to the safety, health, and/or constitutional rights of Decedent in the particulars set forth in Subparagraphs A-E of Complaint Paragraph 44 or in any other way.   The County Defendants specifically deny those subparagraphs. At all times relevant hereto, the County Defendants properly fulfilled all duties and obligations they had vis-à-vis Decedent.

66.  This paragraph states conclusions of law to which no response is required.   To the extent a response is required, the County Defendants specifically deny all allegations of this paragraph.

To the extent a further response is required, the County Defendants specifically deny that they engaged in any actions or employed any policies or customs that increased the risk of harm to Decedent or that caused him harm in any way.  These Defendants specifically deny that they increased the risk of, and/or caused, Decedent's death.

Defendants did not violate Decedent's constitutional or other rights. At all times relevant hereto, the County Defendants properly fulfilled all duties and obligations they had vis-à-vis Decedent.

67.  This paragraph states conclusions of law to which no response is required.   To the extent a response is required, the County Defendants specifically deny all allegations of this paragraph.

To the extent a further response is required, the County Defendants specifically deny that they violated Decedent's civil rights, whether under the federal Fourth, Eighth, or Fourteenth Amendments or otherwise.  Defendants specifically deny that they County Defendants violated Decedent's rights in the ways alleged by Plaintiff in Subparagraphs A-D of Complaint Paragraph 67.  Defendants specifically deny those subparagraphs.

Defendants did not violate Decedent's constitutional or other rights. At all times relevant hereto, the County Defendants properly fulfilled all duties and obligations they had vis-à-vis Decedent.

68.  This paragraph states conclusions of law to which no response is required.  To the extent a response is required, Defendants specifically all allegations of this paragraph.

To the extent a further response is required, Defendants specifically deny that they caused Decedent to sustain the injuries and/or damages that are set forth in Count I of the Complaint and that are incorporated by Plaintiff in Paragraph 68 of her Complaint.   Defendants specifically deny that Decedent's alleged injuries and damages were the result of any conduct, policies, or customs of the County Defendants.

24

Defendants did not violate Decedent's constitutional or other rights. At all times relevant hereto, the County Defendants properly fulfilled all duties and obligations they had vis-à-vis Decedent.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff. Defendants also demand all attorneys' fees and costs incurred by them in defending this action.

## COUNT VII – 42 U.S.C. § 1983

### Tiara Smart v. Orlando Harper

69. Defendant Harper incorporates all foregoing paragraphs of this Answer as though set forth completely herein.

70. This paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant Harper notes that he properly performed all of his duties at all times relevant hereto.

71. This paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant Harper notes that he properly performed all of his duties at all times relevant hereto.

72. Defendant Harper admits he was the Warden of the ACJ at times relevant to this action. The remainder of this paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant Harper notes that he properly performed all of his duties at all times relevant hereto.

25

73.  This paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant Harper notes that he properly performed all of his duties at all times relevant hereto.

74.  This paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant Harper specifically denies that any policies and/or customs of the ACJ and/or the Corizon Defendants violated the constitutional rights of Decedent or any other inmates.  To the extent a further response is required, Defendant Harper specifically denies that any policies and/or customs of the ACJ and/or the Corizon Defendants deprived Decedent or any other inmates of their constitutional rights.  To the extent a further response is required, Defendant Harper specifically denies that he in any way ratified any improper conduct by anyone with respect to Decedent's rights or the rights of any ACJ inmates. Harper did not ratify any improper conduct. At all times, Harper properly performed his duties and met all of his obligations vis-à-vis Decedent.

75.  This paragraph states conclusions of law to which no response is required.  To the extent a response is required, Defendant Harper specifically denies that he engaged in any wrongful acts alleged by Plaintiff in Complaint Paragraph 53 and/or Subparagraphs A-C of Complaint Paragraph 53. Defendant Harper specifically denies those subparagraphs.

At no time did Defendant Harper fail to meet any duties he may have had as to training, monitoring, supervising, correcting, disciplining, and/or investigating ACJ employees.  Harper properly fulfilled all of his duties and obligations.

76.  This paragraph states conclusions of law to which no response is required.  To the extent a response is required, Defendant Harper specifically denies that he engaged in any reckless and/or deliberate indifference to the safety, health, and/or constitutional rights of Decedent.  Defendant Harper specifically denies that he engaged in any conduct alleged by Plaintiff in Subparagraphs A-D of Complaint Paragraph 54.  Defendant Harper specifically denies those subparagraphs.

At no time did Defendant Harper fail to meet any duties he may have had as to training, monitoring, supervising, correcting, disciplining, and/or investigating ACJ employees.   Harper did not ignore communications regarding Decedent's medical needs. Harper did not fail in any duties he may have had to access ACJ records as needed.  Harper properly fulfilled all of his duties.

77.  This paragraph states conclusions of law to which no response is required.    To the extent a response is required, Defendant Harper specifically denies all allegations of this paragraph.

27

To the extent a further response is required, Defendant Harper specifically denies that he engaged in any actions or employed any policies or customs that increased the risk of harm to Decedent and/or that caused death or other injuries to Decedent. Defendant Harper specifically denies that he increased the risk of, and/or caused, any injuries to Decedent. Defendant Harper specifically denies that he increased the risk of, and/or caused, Decedent's death. Defendant Harper specifically denies that any of his actions and/or any customs or policies at the ACJ were the direct and/or proximate cause of Decedent's injuries and/or death. Harper in no way caused death or other harm to Decedent. Harper's customs and policies in no way caused death or other harm to Decedent.

78. This paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant Harper specifically denies all allegations of this paragraph.

To the extent a further response is required, Defendant Harper specifically denies that he and/or anyone violated Decedent's civil rights, whether under the federal Fourth, Eighth, or Fourteenth Amendments or otherwise. Defendant Harper specifically denies that he and/or anyone violated Decedent's rights in the ways alleged by Plaintiff in Subparagraphs A-D of Complaint Paragraph 78 or in any other way. Defendant Harper specifically denies Paragraph 78.

28

79.   This paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant Harper specifically denies all allegations of this paragraph.

Defendant Harper specifically denies that he caused Decedent to sustain the injuries and/or damages that are set forth in Count I of the Complaint and that are incorporated by Plaintiff in Paragraph 57 of her Complaint.  Defendant Harper specifically denies that Decedent's alleged injuries and damages were the result of any conduct, policies, or customs of Defendant Harper and/or Defendant Allegheny County.

**WHEREFORE,** Defendant Harper demands judgment in his favor against Plaintiff.  Defendant Harper also demands attorneys' fees and costs incurred by him in defending this action.

## **ADDITIONAL SPECIFIC DENIAL OF FACTUAL ALLEGATIONS**

80.  Defendants incorporate all foregoing paragraphs of this Answer as though set forth completely herein.

81.  To the extent not already done so, Defendants Allegheny County and Orlando Harper hereby deny each and every allegation, express or implied, in Complaint Paragraphs 1-57 that Defendant Allegheny County and/or Defendant Harper engaged in any conduct, actions or inactions, and/or employed any customs, directives, policies, practices, procedures, and/or protocols, that violated Decedent's constitutional or other rights in any way whatsoever.

82. To the extent not already done so, Defendants Allegheny County and Orlando Harper specifically deny each and every allegation, express or implied, in Complaint Paragraphs 1-57 that Defendant Allegheny County and/or Defendant Harper engaged in, were aware of, should have been aware of, and/or acquiesced in, any actions, conduct, customs, directives, inactions, policies, practices, procedures, and/or protocols that violated Decedent's constitutional or other rights, that constituted reckless or deliberate indifference to Decedent's constitutional or other rights, or that violated any duties or obligations the County Defendants had vis-à-vis Decedent.

30

83.    Defendants Allegheny County and Orlando Harper specifically deny each and every allegation, express or implied, in Complaint Paragraphs 1-57 that the Defendants have not otherwise specifically admitted.

## AFFIRMATIVE DEFENSES

84.    Defendants incorporate all foregoing paragraphs of this Answer and Affirmative Defenses as though set forth completely herein.

85.    Plaintiff has failed to establish, and cannot establish, proper subject-matter jurisdiction to sustain this suit.

86.   Plaintiff has failed to state a claim, and cannot establish a claim, upon which relief can be granted against Allegheny County under the Fourth Amendment to the U.S. Constitution, the Eighth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, 42 Pa.C.S.A. §§ 1983, 1988, any U.S. civil rights act or amendments thereto, any other provision of the U.S. Constitution or laws, any provision of the Pennsylvania Constitution or laws, or any other legal or equitable authority of any type whatsoever.

87. Plaintiff has failed to state, and cannot establish, a custom-or-policy claim as is required to demonstrate liability on the part of Allegheny County.

88.   Defendant Allegheny County is entitled to all available immunities from suit and/or liability.

89.  Plaintiff has failed to state a claim, and cannot establish a claim, upon which relief can be granted against Orlando Harper under the Fourth Amendment to the U.S. Constitution, the Eighth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, 42 Pa.C.S.A. §§ 1983, 1988, any U.S. civil rights act or amendments thereto, any other provision of the U.S. Constitution or laws, any provision of the Pennsylvania Constitution or laws, or any other legal or equitable authority of any type whatsoever.

90. Plaintiff has failed to state, and cannot establish, any personal involvement by Orlando Harper sufficient to demonstrate any constitutional or other violation by him.

91. Plaintiff has failed to establish, and cannot establish, that Orlando Harper acted under color of state, local or federal statute, ordinance, custom, regulation, usage, law, or authority in a way violating any constitutional or other rights had by Decedent.

92.  Plaintiff has failed to establish, and cannot establish, that Orlando Harper implemented or followed any unconstitutional customs or policies, that he knew of, should have known of, or acquiesced in, any unconstitutional conduct, customs, or policies, or that he engaged in any unconstitutional conduct in any way whatsoever.

32

93.  Defendant Harper is entitled to qualified immunity and/or all other available immunities from suit and/or liability.

94.  Plaintiff has failed to state a claim, and cannot establish a claim, entitling Plaintiff to judgment against, or entitling Plaintiff to recover any damages, fees, or costs from, Allegheny County and/or Orlando Harper.

95.  Plaintiff failed to seek redress of Plaintiff's grievances through the federal and/or Pennsylvania laws relating to prison litigation reform.

96.  Plaintiff has otherwise failed to exhaust administrative remedies.

97.  Plaintiff has procedurally defaulted on the claims in this suit.

98.  Plaintiff has otherwise waived all claims against the County Defendants.

99.  Plaintiff has failed to join one or more a required parties, including Decedent's medical providers at UPMC and/or elsewhere.

100.  Decedent caused and/or contributed to his own injuries, death, and damages by not informing ACJ personnel of his medical conditions and needs during times relevant to this action.

101.  Decedent caused and/or contributed to his own injuries, death, and damages by not informing Corizon personnel of his medical conditions and needs during times relevant to this action.

102.   Decedent caused and/or contributed to his own injuries, death, and damages by not properly taking his medications on one or more days immediately prior to the time he entered the ACJ in this case.

103.   Decedent caused and/or contributed to his own injuries, death, and damages by engaging in a history of not properly taking his medications prior to the time he entered the ACJ in this case.

104.   Decedent caused and/or contributed to his own injuries, death, and damages by not seeking and securing proper medical care for his medical conditions and needs prior to the time he entered the ACJ in this case.

105.   Decedent caused and/or contributed to his own injuries, death, and damages by not complying with the prescriptions, directions, and suggestions of his medical providers.

106.   Decedent caused and/or contributed to his own injuries, death, and damages by engaging in a history of not properly attending to his medical conditions and needs prior to the time he entered the ACJ in this case.

107.   Any injuries suffered by Decedent were otherwise caused by Decedent.

108.   Any injuries suffered by Decedent were otherwise caused by intervening and/or superseding causes beyond the County Defendants' control.

34

109. Defendants Allegheny County and Harper engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that interfered with Decedent's rights while in the ACJ, that violated any duties Defendants had to Decedent, that violated Decedent's constitutional rights, and/or that caused Decedent any injuries or damages.

110. Allegheny County engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols constituting reckless indifference to, or deliberate indifference to, Decedent's serious medical needs, his medical rights, his conditions-of-confinement rights, or his other needs and/or rights.

111.  Harper was in no way recklessly indifferent to, or deliberately indifferent to, Decedent's serious medical needs, his medical rights, his conditions-of-confinement rights, or his other needs and/or rights.

112.  At no time were Allegheny County or Harper indifferent to, and at no time did they ignore, any risk to Decedent's safety and/or health.

113.  At no time did Allegheny County or Harper ignore any requests for medication or medical care on Decedent's behalf.

114.  At no time did Allegheny County or Harper act in any way that could be deemed negligent, reckless, or recklessly, deliberately, or intentionally indifferent to Decedent's constitutional and/or other rights.

35

115.  At all times relevant hereto, Allegheny County and Harper took appropriate actions and used appropriate customs, directives, policies, practices, procedures, and protocols to protect Decedent's rights while at the ACJ and to meet all duties Allegheny County and Harper had to Decedent.

116.  Allegheny County and Harper engaged in proper monitoring and otherwise took all appropriate steps to prevent and/or to minimize all risks to Decedent.

117.  At all times relevant hereto, Allegheny County and Harper adhered to proper customs and policies for training, monitoring, supervising, correcting, disciplining, and investigating ACJ employees with respect to the protection of inmates' rights, including Decedent's rights, to medical care and proper confinement.

118.  At all relevant times, Allegheny County and Harper did, in fact, properly train, monitor, supervise, correct, discipline, and investigate all ACJ employees as needed to fulfill all constitutional obligations had by Allegheny County and/or Harper vis-à-vis all ACJ inmates, including Decedent.

119.  Allegheny County, Harper, and all Allegheny County personnel involved in the occurrences relating to this action took appropriate steps to save Decedent's life, to provide him with necessary care, and to prevent and/or reduce his injuries during the events giving rise to this case.

36

120.   While at the ACJ, Decedent was confined and monitored in ways consistent with all of his constitutional rights.

121.   Decedent received proper medical care at the ACJ.

122.   Allegheny County and Harper are in no way responsible or liable for any supposedly improper actions, conduct, inactions, customs, directives, policies, practices, procedures, or protocols of the Corizon Defendants or any other of Decedent's medical providers.

123.   Plaintiff's suit is barred by the applicable statute of limitations.

124.   Plaintiff's suit is barred by laches.

125.   To the extent not already pled, the County Defendants specifically assert that they employed all appropriate customs and policies and took all appropriate actions to afford proper conditions of confinement to Decedent, to afford proper medical care to Decedent, to protect all of Decedent's constitutional rights, and to save Decedent's life.

126.   Plaintiff's suit and request for damages are otherwise barred by law and/or equity.

127.   Defendants reserve the right to raise all other affirmative defenses available under any and all applicable laws by amending this Answer and Affirmative Defenses and/or by raising such other defenses at the summary judgment stage of this case and/or by raising such other defenses at the trial of this case.

37

**WHEREFORE**, the County Defendants demand judgment in their favor against Plaintiff. The County Defendants also demand all attorneys' fees and all costs incurred by them in defending this suit.

**<u>JURY TRIAL DEMANDED</u>**

Respectfully submitted,

<u>March 28, 2016</u>

*/s/ Dennis Biondo Jr.*
Dennis Biondo Jr.
PA ID 307908
Assistant Allegheny County Solicitor
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1150
dennis.biondojr@alleghenycounty.us

38

IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIARA SMART, Administratrix of the Estate     No. 2:15-cv-00953
of FRANK J. SMART, JR., Deceased,
Plaintiff

v.

CORIZON, INC.; CORIZON HEALTH, INC.;     **<u>JURY TRIAL DEMANDED</u>**
ALLEGHENY COUNTY d/b/a
ALLEGHENY COUNTY JAIL; and
ORLANDO HARPER,
Defendants.

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing document is being delivered by electronic case

filing service on the following persons on this 28th day of March, 2016.

| | |
|---|---|
| George M. Kontos, Esq. | Kathryn M. Kenyon, Esq. |
| Katie A. Killion, Esq. | Counsel for the Corizon, Inc. and |
| Counsel for Plaintiff | Corizon Health, Inc. |
| Kontos Mengine Law Group | Meyer, Unkovic, and Scott |
| 603 Stanwix Street | 535 Smithfield St., Suite 1300 |
| Two Gateway Center, Suite 1228 | Pittsburgh, PA 15222 |
| Pittsburgh, PA 15222 | |

Respectfully submitted,

05 August 2015       */s/ Dennis Biondo Jr.*
                 Dennis Biondo Jr.
                 PA ID 307908
                 Assistant Allegheny County Solicitor
                 Allegheny County Law Department
                 300 Fort Pitt Commons Building
                 445 Fort Pitt Boulevard
                 Pittsburgh, PA 15219
                 (412) 350-1150
                 dennisbiondojr@alleghenycounty.us

39